IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RICHARD LEROY LOOMIS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-05-249-S-LMB |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| RANDY BLADES, Warden, State of Idaho, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pending before the Court in this habeas corpus action is Respondent's Motion for Summary Dismissal (Docket No. 12), Petitioner's Request for Admissions (Docket No. 16), and Petitioner's Request for Hearing (Docket No. 20). All parties have consented to the jurisdiction of a United States Magistrate Judge (Docket No. 8). Having reviewed the record and having considered the argument of each party, the Court enters the following Order.

**I.**

**BACKGROUND**

Petitioner was convicted of two counts of lewd conduct in April 1982 and received an indeterminate life sentence. He pled guilty and did not file a direct appeal. He was later denied parole. Thereafter, he filed a state court post-conviction action and a state court habeas corpus action.

Petitioner's causes of action in this habeas corpus matter arise from his 1982 conviction and sentence and from his 1997 denial of parole. First, he asserts that his Fourth Amendment right against illegal seizure was violated when he was not released or paroled after having served

MEMORANDUM ORDER  1

thirty years of his sentence.  Second, he asserts that his Fifth and Fourteenth Amendment rights were violated because he received a sentence that was six times longer than his codefendants.  Third, his asserts that his Fifth, Eighth, and Fourteenth Amendment rights were violated when the Parole Commission denied his release arbitrarily and capriciously, given that Petitioner's claim was an aberrant act, with no prior crimes, no common scheme or plan, and no propensity to recommit.  He asserts that the denial of parole was unreasonable and that there was a failure to credit him with good-time credits and meritorious industrial time.  *See Petition*, pp. 2–3 (Docket No. 3).

## II.

## MOTION FOR SUMMARY DISMISSAL

A.   **Standard of Law for Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In such case, the Court construes the facts in a light most favorable to the petitioner.  When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings.  *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1281 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).  A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment.  *Id*.  Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

**B.     Statute of Limitations Issue**

   1.     Standard of Law

Petitioner has several claims, which arose on different dates. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the United States Supreme Court suggested that the statute of limitations applies on a claim-by-claim basis:

> [Section] 2244(d)(1) provides that a "1-year period of limitation shall apply to an *application* for a writ of habeas corpus." (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Id*. at 416 n.6.[1] Therefore, in this case, the Court shall apply the statute of limitations on a claim-by-claim basis.

   2.     Facts

Petitioner was convicted in 1982 and received an indeterminate life sentence. He had an original parole hearing in March 1992, at which he was denied parole. On April 16, 1997, he was again denied parole and passed to his full-term release date, which is life. *State's Exhibit B-1*, pp. 8 & 32 (Docket No. 13). On December 16, 2003, Petitioner filed a petition for writ of habeas corpus in state court. *Id*. at p. 6. The state court denied the petition on July 13, 2004. *Id*. at pp. 38–42. On July 21, 2004, Petitioner filed a notice of appeal. *Id*. at p. 44. The appeal was dismissed, and the dismissal became final on March 7, 2005. *State's Exhibit C-20*, p. 27 (Docket No. 13). On June 22, 2005, Petitioner filed this federal habeas corpus action.

---

[1] *Accord*, *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004), *cert. denied*, 543 U.S. 1067 (2005) (statute of limitations applies on a "claim-by-claim basis"). *But see Walker v. Crosby*, 341 F.3d 1240, 1245 (11th Cir. 2003) ("[t]he statute of limitations in § 2244 (d)(1) applies to the application as a whole; the individual claims within an application cannot be reviewed separately for timeliness").

MEMORANDUM ORDER  3

3.    First Claim

Petitioner's first claim is that his Fourth Amendment right against illegal seizure was violated when he was not released or paroled after having served thirty years of his sentence. As the Court will explain, this claim will have accrued when Petitioner has served thirty years. Petitioner's sentence began in 1982, and therefore, the thirty-year mark would be approximately 2012 (minus any time allotted for time served, if any, prior to sentencing).

There are currently two differing views as to when such a statute of limitations begins. The Ninth Circuit has not issued a published decision on this issue. This Court agrees with the view adopted by the Second Circuit in *James v. Walsh* that a challenge to the *execution or administration* of a person's sentence rather than a person*'s conviction or sentence*—particularly a claim that a person is being held past his alleged full-term release date—cannot be brought "before the time when, according to his calculations, he should have been released." 308 F.3d 162, 168 (2d Cir. 2002) (successive petition context)*; cf. White v. Lambert*, 370 F.3d 1002 (9th Cir. 2004) (adopting the *James* view that § 2254 rather than § 2241 is the proper means for challenging administration of one's sentence rather than the underlying state court judgment); *cf. Mitchell v. Dep't of Corr.*, 272 F. Supp. 2d 464, 477 (D. Pa. 2003) (using the *James* approach in a § 1983 action to calculate the time during which the plaintiff could have filed a habeas corpus action to determine whether *Heck v. Humphrey*, 512 U.S. 477 (1994), should be applied in a situation where the plaintiff had completed his sentence).[2]

---

[2]  Other courts have determined that the federal habeas corpus statute of limitations begins to run when an inmate becomes aware of the alleged miscalculation of sentence. *See Hall v. Edwards*, 2002 WL 32074715 (D.Va. 2002). However, there is no case holding that an inmate who did not previously bring a claim regarding his sentence when he became aware of the alleged miscalculation is foreclosed from challenging the execution or administration of his sentence when he believes that his full-term release date has passed. Such an application of AEDPA's statute of limitations might call into question the Suspension Clause, namely, whether denying a person an opportunity to challenge custody at the time the alleged unlawful custody is being executed would suspend the right to the Great

(continued...)

Therefore, using the *James* approach, the Court concludes that this claim is neither barred by the statute of limitations, nor is it ripe. Therefore, it shall be dismissed without prejudice. Petitioner may not bring this claim to federal court unless it has been properly exhausted in the state court system. Petitioner's exhausted claim should include an exact calculation of his assertions that he is entitled to various types of credits. In addition, Petitioner is cautioned that his ability to present another federal habeas corpus claim will depend on whether it is presented in a procedurally-proper manner.

    4.    <u>Second Claim</u>

Petitioner's second claim is that his Fifth and Fourteenth Amendment rights were violated because he received a sentence that was six times longer than that of his codefendants. His codefendants apparently received a sentence of five years. This claim is not specifically referable to his parole denials, but challenges his sentence.

As a result, this claim would have accrued forty-two days after his April 1982 conviction, because he did not file a direct appeal. *See Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). Therefore, the statute of limitations would have begun on April 24, 1996, and expired on April 24, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (where a petitioner's conviction became final before the effective date of AEDPA, his federal petition must be filed by April 24, 1997, one year from the effective date of AEDPA).

Alternatively, if this claim can be construed as arising from his 1997 parole denial, it is subject to dismissal for the reasons set forth below in the discussion of the third claim.

---

[2](...continued)
Writ. *See* U.S. Const. art I. § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."). *Cf. James*, 308 F.3d at 168 (raising the question of whether deeming a miscalculation of sentence claim a successive petition would violate the Suspension Clause).

MEMORANDUM ORDER  5

Therefore, this claim shall be dismissed with prejudice absent a showing of factual grounds for equitable tolling.

     5.     Third Claim

Petitioner's third claim is that his Fifth, Eighth, and Fourteenth Amendment rights were violated when the Parole Commission denied his release arbitrarily and capriciously, given that Petitioner's claim was an aberrant act, with no prior crimes, no common scheme or plan, and no propensity to recommit. He asserts that the denial of parole was unreasonable and that there was a failure to credit him with good-time credits and meritorious industrial time. *See Petition*, pp. 2–3 (Docket No. 3).

Because Petitioner is challenging a parole denial decision rendered by an administrative body, his statue of limitations began to run on "the date on which the factual predicate of the claim or claims to be presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003). In the parole denial context, the beginning date of the federal statute of limitations is the date the petitioner's administrative appeal is denied. *Redd*, 343 F.3d at 1082 (California parole scheme); *see also Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004) (Oregon parole scheme).

Here, Petitioner was denied parole on April 16, 1997. Petitioner points to no Self-Initiated Progress Report (SIPR) administrative appeals in the record.[3] Hence, Petitioner had until April 16, 1998, in which to file a federal habeas corpus petition. His state court post-conviction petition, filed July 19, 2002, and his state habeas corpus petition, filed December 16, 2003, were too late to toll the federal statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d

---

[3] If Petitioner has evidence that he filed an SIPR within six months of his parole denial date, and at any time thereafter, he may provide those to the Court with a motion for reconsideration, and the Court will reconsider its decision on this point.

MEMORANDUM ORDER  6

820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Therefore, Petitioner's third claim is untimely and subject to dismissal with prejudice.

      6.      <u>Equitable Tolling</u>

Because Petitioner's second and third claims were filed in an untimely manner, the Court can hear them only if Petitioner can establish that equitable tolling should be applied. In *Pace v. DiGuglielmo*, the Supreme Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." 544 U.S. at 418. The Court will provide Petitioner sixty (60) days in which to file a brief asserting a factual basis for equitable tolling, if any exists. Otherwise, Petitioner's claims shall be dismissed with prejudice.

**C.**      **Procedural Default**

Respondent also argues that Petitioner's claims are procedurally defaulted because his state court appeal was dismissed without a resolution on the merits.

      1.      <u>Standard of Law</u>

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and if there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).

Following the *Coleman* rule in *Martinez v. Klauser,* 266 F.3d 1091, 1093–94 (9th Cir. 2001), the Ninth Circuit further clarified as follows: "'In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Id*. at 1093–94 (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). Particularly, the *Martinez* court determined that where there is "an absence of prior authority supporting the [state court's] decision" and the decision appears "contrary to [state] law," such a state court decision does *not* rest on a "clear, consistently applied, and well-established" state procedural rule, and the procedural default may *not* be applied to bar consideration of the merits of a petitioner's claim in a federal habeas corpus action. *Id*.

A procedurally-defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show

MEMORANDUM ORDER  8

"prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

    2.    <u>Facts</u>

It is clear from the record that Petitioner's claims are procedurally defaulted because the case was dismissed for Petitioner's failure to file a proper appellate brief. Petitioner asserts that the Idaho Supreme Court was unreasonable in its application of its Rules to him as a *pro se* prisoner litigant. Dismissal of Petitioner's appeal will not bar his federal habeas claims unless Respondent shows that the state procedural default is clear, consistently applied, and well-established at the time of dismissal of Petitioner's appeal. *Martinez*, 266 F.3d at 1093–94.

The timeline of relevant events in Petitioner's state court action is as follows:

On July 19, 2002, Petitioner filed a state post-conviction action. *See State's Exhibit A-2*. On February 7, 2003, pursuant to Petitioner's own request, the state court dismissed the petition. *See State's Exhibit A-3*. Petitioner did not file a notice of appeal. *See State's Exhibit A-1*, and *Affidavit of Lois Dawson*.

On December 16, 2003, Petitioner filed a petition for writ of habeas corpus in state court. *Id*. at p. 6. The state court denied the petition on July 13, 2004. *Id*. at pp. 38–42. On July 21, 2004, Petitioner filed a notice of appeal. *Id*. at p. 44.

On September 24, 2004, the Clerk of Court informed Petitioner that his brief was "prematurely filed and not prepared in accordance with our rules, specifically I.A.R. 34(a) and 35, and therefore, not acceptable for filing." *State's Exhibit C-1*, p. 1 (Docket No. 13). On October 28, 2004, the Clerk of Court returned an affidavit to Petitioner, and gave him

MEMORANDUM ORDER  9

instructions that his brief was due on November 17, 2004.  *State's Exhibit C-3*, p. 3 (Docket No. 13).  On November 22, 2004, the Clerk of Court wrote to Petitioner, returning an affidavit in support of motion to file a non-conforming brief pursuant to Idaho Appellate Rule 36.  The Clerk explained, "It is not necessary to file this.  I.A.R. Rule 36(c) allows for the filing of a brief that is legibly hand-written in black ink, but complies with the requirements of I.A.R. 34 and 35."  *State's Exhibit C-4*, p. 4 (Docket No. 13).

On December 3, 2004, the Clerk of Court wrote to Petitioner and informed him that he did not need to file a nonconforming brief because he was incarcerated, but that he needed to file an appellate brief by December 5, 2004, to avoid dismissal of his appeal.  *State's Exhibit C-13*, p. 12 (Docket No. 13).  His appeal was dismissed on December 14, 2004.  *State's Exhibit C-14*, p. 15 (Docket No. 13).

Petitioner then filed a writ of error, which the court granted, and Petitioner was given thirty-five additional days to file his brief.  However, because Petitioner failed to file a brief within that time period, his case was dismissed on February 10, 2005.  *State's Exhibit*, p. 13 (Docket No. 13).  Petitioner filed a motion for reconsideration on February 23, 2005.  *State's Exhibit C-19*, p. 14 (Docket No. 13).  The Court denied the motion and dismissed the appeal on March 7, 2005.  *State's Exhibit C-20.*  The remittitur was issued the same day.  *State's Exhibit C-21*.

      3.    <u>Discussion</u>

Petitioner clearly did not comply with the order of the Idaho Supreme Court to file a proper brief, which, because he was a prisoner, would have been a brief "that is legibly hand-written in black ink, but complies with the requirements of I.A.R. 34 and 35," as the Clerk

MEMORANDUM ORDER  10

informed him.  Petitioner argues that the Court was unreasonable in requiring him to follow these rules.

Idaho Appellate Rule 34 provides for the number of copies of briefs, the length of briefs, the time for filing, and service of briefs.  Rule 35 provides for the content and arrangement of briefs and how legal citations are to be handled.  Idaho Rule of Appellate Procedure 36 (c) provides, in pertinent part, "[p]risoners incarcerated or detained in a state prison or county jail may file documents under this rule that are legibly hand-printed in black ink, in whole or in part, that otherwise conform to the requirements of this rule.

In his "Writ of Error," Petitioner argued that he had submitted his "non-conforming brief" four times, and the Clerk of Court had returned it to him four times.  The rejected briefs are not a part of the record.

The Court concludes that the record and briefing are inadequate.  Therefore, the Court will not decide this issue at this time, but will allow the parties to submit additional briefing and additional state court exhibits, if any, to support their positions on whether the state procedural bar was adequate.  *See Lee v. Kemna*, 534 U.S. 362 (2002) (the Court held that the Missouri court's enforcement of its rule requiring motions for a continuance to be in writing was not adequate to bar federal review because the petitioner substantially complied with the rule and enforcement of the rule served no real governmental interest); *O'Dell v. Netherland*, 95 F.3d 1214, 1241 (4th Cir. 1996) (noting that if a procedural bar is based upon a clear and unambiguous statute, it is firmly established at the time that the statute was enacted), *affirmed on other grounds by* 521 U.S. 151 (1997); *Lilly v. Gillmore*, 988 F.2d 783, 785 (7th Cir. 1993) (a rule applied "infrequently, unexpectedly, or freakishly may not constitute an independent and adequate state ground").

MEMORANDUM ORDER  11

In addition to briefing the adequacy issue, Petitioner should alternatively brief the issue of whether he has any facts showing cause and prejudice or a miscarriage of justice to excuse his procedural default should the Court determine that the state procedural bar is adequate. After this next round of briefing, Petitioner will not be given any further opportunity to show cause and prejudice or a miscarriage of justice.

**D.     Summary**

In summary, the Court shall grant the Motion to Dismiss as to the first claim and conditionally grant the Motion to Dismiss as to Petitioner's second and third claims. Petitioner may file a brief on the issues of equitable tolling, if he wishes, and Respondent may file a response. Respondent may further brief the issue of adequacy of the state procedural bar, if he wishes, and Petitioner may file a response.

## III.

## OTHER MOTIONS

Petitioner has requested that Respondent answer various Requests for Admissions. In general, discovery is not permitted in federal habeas corpus proceedings. *Rich v. Calderon*, 187 F.3d 1064, 1067–68 (9th Cir.1999). Rule 6 of the Rules Governing Section 2254 Cases allows habeas corpus petitioners to conduct discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Petitioner's requested discovery appears to go to the merits of his claims rather than to the issues of equitable tolling and cause and prejudice or a miscarriage of justice. As a result, the Court shall deny the request.

Petitioner also requests a hearing on his case. However, Petitioner has not shown that a hearing is required. If, after Petitioner submits his briefing on equitable tolling and cause and

MEMORANDUM ORDER  12

prejudice or a miscarriage of justice, the Court decides that a hearing is warranted, the Court will schedule a hearing and consider appointing counsel.  At this time, a hearing is not necessary.

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A. Respondent's Motion for Summary Dismissal (Docket No. 12) is GRANTED as to the first claim, which is dismissed without prejudice, and CONDITIONALLY GRANTED as to the second and third claim.

B. Petitioner's Request for Admissions (Docket No. 16) is DENIED.

C. Petitioner's Request for Hearing (Docket No. 20) is DENIED.

D. Petitioner's Motion to Strike Motion for Summary Dismissal (contained in Docket No. 15) is DENIED.

E. If Petitioner wishes to file a brief showing his entitlement to equitable tolling and showing cause and prejudice or a miscarriage of justice, he shall do so within sixty (60) days after entry of this Order, and Respondent may file a response.  If Respondent wishes to argue that the state court procedural bar is adequate, he may file a brief on that issue within sixty (60) days after entry of this Order, and Petitioner may file a response.

DATED:  **August 8, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

MEMORANDUM ORDER  13